(No. 16384.—Judgment affirmed.)

THE PEOPLE ex rel. Dale F. Howard, County Collector, Appellant, vs. THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY, Appellee.

*Opinion filed December 16, 1924.*

1. TAXES—*failure to levy county tax by an aye and nay vote is fatal.* Failure to comply with the provision of the Counties act, as amended in 1921, (Laws of 1921, p. 387,) requiring an aye and nay vote on all propositions to appropriate money from the county treasury is fatal to the levy of a county tax.

2. SAME—*when amendment of supervisors' record to show aye and nay vote is not authorized.* After the filing of objections to a county tax in the county court a resolution of the board of supervisors does not authorize an amendment of the record of its levy to show an aye and nay vote or a roll call by reciting in the amended record that each supervisor voted for the appropriation or levy, where there was, in fact, no aye and nay vote, no roll call, and no separate voting but all voted together.

APPEAL from the County Court of Douglas county; the Hon. D. H. WAMSLEY, Judge, presiding.

ROBERT F. COTTON, State's Attorney, (GEORGE E. NICHOLS, of counsel,) for appellant.

CRAIG & CRAIG, (H. T. DICK, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The county court of Douglas county sustained the objection of the Chicago and Eastern Illinois Railway Company to the application of the county collector for judgment against its property for county taxes levied in the year 1923, on the ground that the vote on the appropriation and levy of such taxes was not taken by ayes and nays and entered on the record, and the People have appealed.

The supervisor's record at the September, 1923, meeting, showed in regard to the making of the levy the following: "Mr. Parker moved that the report of the finance

committee be adopted. Carried." After the objections were filed at the June term, 1924, of the county court, a resolution was adopted at a meeting of the board of supervisors, which, after reciting the filing of the objections, the presence of all the supervisors at the September meeting of the board, the making by supervisor Parker of the motion that the report of the finance committee be adopted, and the fact that all the supervisors voted aye on the motion, authorized and directed the county clerk to amend that part of the record which reads as follows: "Mr. Parker moved that the report of the finance committee be adopted. Carried." It was not recited that there was any roll call or any aye and nay vote, and, in fact, there was none. The clerk by virtue of this resolution made an entry in red ink on the face of the record as follows: "A motion was made by supervisor Parker, and duly seconded, that the report of the finance committee be adopted. The following vote was had and taken: Heaton, aye; O. L. Parker, aye; Bell, aye; Slater, aye; H. Campbell, aye; E. S. Allen, aye; Chas. DeHart, aye; and that thereafter chairman Frank England declared the motion duly carried."

The legislature in 1921 amended the law in relation to counties so as to require the vote on all propositions to appropriate money from the county treasury to be taken by ayes and nays and entered on the record of the meeting. (Laws of 1921, p. 387.) We held in *People* v. *Chicago and Eastern Illinois Railway Co.* (*ante*, p. 352,) that a failure to comply with this requirement was fatal to the tax. There was no pretense of an aye and nay vote, no roll call, no separate individual voting but all voted together, collectively. The resolution of the supervisors did not authorize amending the record to show an aye and nay vote or a roll call.

The judgment of the county court was therefore right, and it will be affirmed.

*Judgment affirmed.*